NEWMAN, Circuit Judge,
dissenting.
From the record before the Veterans Court, the cause of Waldenstrom’s macroglobulinemia is not known; indeed, the cause of most cancers does not appear to be known, despite advances of science.
A physician at the Hollings Cancer Center of the Medical University of South Carolina stated that the rare cancer that killed Mr. Bastien was known to have appeared in a patient treated with radiation, and all of the medical witnesses, whichever side retained them, stated that it was not possible to know whether Mr. Bastien’s macroglobulinemia cancer was traceable to *1308 his military assignment as a technician administering radiation tests to monkeys. The witnesses attempted to estimate the extent of his radiation exposure, offered various opinions as to the likelihood that this exposure led to this rare cancer, and acknowledged the uncertainties of such views.
If the proper legal standard for determining service connection is whether this radiation exposure was “more likely than not” to have caused this rare cancer, I agree that the sparse evidence and speculative medical opinions do not satisfy that standard. However, I suggest that the correct standard for rare diseases in such situations, on application of the statutory policy governing veterans’ benefits, is not whether a preponderance of evidence establishes that causation was more likely than not, but whether it is medically possible that the in-service activity caused the cancer. Such a standard is appropriate when the disease is sufficiently rare that adequate data to prove or disprove causation do not exist. In such case, when qualified witnesses state that the specific exposure “possibly” caused the disease, and no evidence suggests any other cause, national policy is served by deeming the burden to have been met.
The precedent on which the Board and the Veterans Court relied arose from diseases for which there is sufficient medical knowledge that a “more likely than not” standard of proof is reasonable. However, the statute governing veterans’ claims adjusts the burdens so that doubt is resolved in favor of the veteran. Applying this guidance to rare diseases where there is insufficient data and experience to establish a reliable etiology of the disease, the reasonable standard is whether the service activity could “possibly” have caused the disability or death, rather than whether it was more likely than not to have caused the disability or death. This standard best implements the legislative policy. I would remand for redetermination on this basis.